IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APRIL LYNN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-1049-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income benefits (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of the medical opinions of the state agency medical consultant, Dr. Blackman, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.     Background**

Plaintiff applied for DIB, alleging disability beginning May 1, 2010. (R. 147, 152). At the hearing, she amended her onset date to September 21, 2010. (R. 38). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. Plaintiff argues that the ALJ erred in weighing the medical opinions, and as a consequence failed to include certain limitations in the residual functional capacity (RFC) assessed, failed properly to explain her evaluation of the medical opinions, and erred in evaluating the credibility of Plaintiff's allegations of symptoms resulting from her impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting

2

Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors

of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that the ALJ erred in explaining her evaluation of Dr. Blackman's medical opinion.  Because the court is prohibited from weighing the evidence in the first instance or from providing a post hoc rationalization to justify the Commissioner's decision, remand is necessary to correct the error.  The court may not provide an advisory opinion regarding Plaintiff's remaining allegations of error.  She may make her arguments regarding those errors to the Commissioner on remand.

## II.     Evaluation of Dr. Blackman's Opinions

Dr. Blackman is the medical consultant who reviewed the medical records for the state disability determination service and prepared a Psychiatric Review Technique (PRT) form and a Mental RFC Assessment form.  (R. 417-31).  Neither the ALJ nor Plaintiff referred to Dr. Blackman by name, but the ALJ stated that the "opinions of the State agency medical physician and consultant who completed the . . . psychiatric review technique and the mental residual functional capacity assessment are given significant

weight because the record supports [his] opinions." (R. 24). Moreover, Plaintiff refers to the "state of Kansas medical consultant" (Pl. Br. 2), and argues that the medical consultant's opinions are "internally inconsistent." Id. at 13 (citing portions of Dr. Blackman's opinions R. 425, 427, 429-30). Plaintiff points out that Dr. Blackman found that Plaintiff had 1-2 episodes of decompensation and that the ALJ found that Plaintiff has had no episodes of decompensation. Id. Plaintiff the points out that "[t]he RFC findings by the ALJ are inconsistent with opinions of" Dr. Blackman, and argues that the "ALJ failed to address the conflicts in these findings." Id.

The Commissioner acknowledges Plaintiff's argument regarding Dr. Blackman's opinion, and responds that "Dr. Blackman's narrative opinion adequately encapsulated the 'moderate' limitations he identified earlier in the [PRT and Mental RFC Assessment] forms." (Comm'r Br. 12-13). However, the Commissioner says nothing regarding the conflict between Dr. Blackman's finding that Plaintiff has had 1 or 2 episodes on decompensation and the ALJ's finding that Plaintiff has had no episodes of decompensation. The fact that the ALJ purported to accord significant weight to Dr. Blackman's opinions, the conflict between Dr. Blackman's assessment of Plaintiff's episodes of decompensation and the ALJ's assessment of Plaintiff's episodes of decompensation, and the fact that the ALJ did not discuss this conflict prevents meaningful judicial review of the decision below and requires remand for an explanation of the ALJ's evaluation of Dr. Blackman's opinion and a resolution of the conflict.

As Plaintiff points out, in completing his PRT form Dr. Blackman determined that Plaintiff had one or two episodes of decompensation, each of extended duration. (R. 425). And, in his "Consultant's Notes," Dr. Blackman did not further discuss that finding. Id. at 427. Moreover, in her decision, the ALJ stated only that she had accorded Dr. Blackman's opinion significant weight because it was supported by the record. (R. 24). But, in her step two discussion the ALJ stated that the record and Plaintiff's activities indicate that Plaintiff has no episodes of decompensation. Id. at 21. Despite according significant weight to Dr. Blackman's opinion, the decision contains no discussion of the conflict between the ALJ's determination and Dr. Blackman's determination regarding episodes of decompensation. So far as the record reveals, the ALJ was not even aware of the conflict.

The court might weigh the evidence and speculate that the ALJ could have determined that Plaintiff's activities do not reveal any episodes of decompensation and discount that portion of Dr. Blackman's opinion. It might also weigh the evidence and speculate that had the ALJ been aware of Dr. Blackman's opinion regarding one or two episodes of decompensation, she would have found greater limitations, and may have found Plaintiff disabled. The point is that the court may not weigh the evidence in the first evidence. Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d 1172. It is the ALJ's duty to resolve ambiguities and conflicts in the evidence, and if her assessment conflicts with a medical opinion, she must explain why she did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 143, 149-50 (Supp. 2015).

Moreover, a reviewing court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  <u>Grogan v. Barnhart</u>, 399 F.3d 1257, 1263 (10th Cir. 2005). Remand is necessary for the Commissioner properly to evaluate Dr. Blackman's opinion and to resolve this ambiguity.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 15th  day of January 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**
